**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAIME CANCEL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOME DEPOT U.S.A., INC.,<br><br>　　　　　Defendant. | Civil Action No. 18-12863 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on the Motion to Dismiss filed by Home Depot, U.S.A., Inc. ("Home Depot" or "Defendant"). (ECF No. 6.) Plaintiff did not file opposition to Defendant's Motion.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A court must liberally construe a complaint filed by a *pro se* litigant. A *pro se* litigant's pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[P]ro se litigants[, however,] still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Here, Plaintiff's Complaint does not set forth specific causes of action or claims. Moreover, Plaintiff's Complaint contains minimal facts from which the Court could attempt to

construe Plaintiff's claims. The Complaint's factual allegations are set forth in one paragraph, which provides that: (1) Plaintiff had lower back surgery in December 2011; (2) Plaintiff required restrictions at work; (3) Home Depot placed Plaintiff in the paint department, where Plaintiff was required to lift five-gallon paint containers; (4) Home Depot subsequently placed Plaintiff in the tool rental department, where Plaintiff was required to lift heavy tools; and (5) Defendant discriminated against Plaintiff based on his being "handicap[ped]". Plaintiff's Complaint, however, does not contain sufficient factual allegations regarding the underlying incidents for the Court to find that Plaintiff stated a plausible claim for relief.

Given Plaintiff's *pro se* status, however, the Court finds good cause to provide Plaintiff with an opportunity to amend the Complaint.[1] Accordingly,

IT IS on this 18th day of April 2019, **ORDERED** that:

1. Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk shall close this case.

3. Plaintiff may file an Amended Complaint by **May 17, 2019**, at which time the Clerk shall reopen the case.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] The Court directs Plaintiff to the "Procedural Guide for Pro Se Litigants," located on the United States District Court of New Jersey's website and a copy of which is attached.